# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G., a minor, by and through his Guardian ad litem, M.G., a minor, by and through his Guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>County of San Diego, et al.,<br><br>Defendants. | Case No.: 16-cv-2290-AJB-KSC<br><br>**ORDER:**<br>**DENYING PLAINTIFFS' MOTION TO DISQUALIFY COUNTY COUNSEL (Doc. No. 39), and**<br><br>**GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. No. 57)** |

Plaintiffs move the Court to disqualify County Counsel from representing defendants. Plaintiffs argue County Counsel is abusing its relationship with the County by indirectly, and without approval, contacting plaintiffs, as well as by improperly accessing privileged juvenile case files. After analyzing the moving papers and hearing argument from the parties, the Court **DENIES** plaintiffs' motion. (Doc. No. 39.)

## I. BACKGROUND

Plaintiffs bring claims against the County and others for alleged abuses they suffered at the hands of defendants while they were in foster care. While the details of plaintiffs' case are tragic, the Court will only reference facts pertinent to the instant motion. A.G. and M.G. were, for periods of time in their childhoods, wards of the County's foster care program. Eventually, A.G. was adopted by a foster parent who was later convicted for

1

sexually abusing both A.G. and M.G. Because of plaintiffs' history with the County, San Diego County Health and Human Services Agency, among other agencies, possess records detailing plaintiffs' history with the system from a very young age until present. Plaintiffs maintain these files are confidential. Additionally, A.G. is currently enrolled in a County program as an adult and regularly meets with a social worker, who creates detailed logs of the discussions between the two. Those logs, and plaintiffs' HHSA juvenile case files, form the basis of plaintiffs' disqualification motion.

## II. LEGAL STANDARDS

The disqualification of counsel because of an ethical violation is a discretionary exercise of the trial court's inherent powers. *See United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996); *see also Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1103–04 (N.D. Cal. 2003). However, disqualification is a drastic measure that is disfavored. *Visa U.S.A., Inc.*, 241 F. Supp. 2d at 1104. Because they are often tactically motivated, motions to disqualify "should be subjected to particular judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal citations omitted). However, "the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar." *State Farm Mut. Auto. Ins. Co. v. Federal Ins.*, 72 Cal. App. 4th 1422, 1428 (1999). Motions to disqualify counsel are governed by state law. *See W. Sugar Coop. v. Archer-Daniels-Midland Co.*, 98 F. Supp. 3d 1074, 1080 (C.D. Cal. 2015) (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009)); *see also* Civil Local Rule 83.4(b).

## III. DISCUSSION

Plaintiffs argue County Counsel should be disqualified because: (1) it has engaged in indirect communications with plaintiffs; and (2) it improperly accessed unredacted juvenile case files. (Doc. No. 39-1 at 8, 11.) Defendants counter, arguing: (1) plaintiffs' delay in bringing the motion waived their right to disqualify counsel; (2) that A.G. waived any attorney-client privilege when choosing to speak about the case with his social worker; and (3) that any prejudice suffered was cured when A.G. was assigned a new social worker

who was directed not to discuss the case. (Doc. No. 45 at 5.)

A.   **The Timeliness of Plaintiffs' Motion**

As a threshold matter, the County argues that plaintiffs' motion was untimely filed, thus waiving plaintiffs' rights to raise this issue. (Doc. No. 45 at 11.) Plaintiffs' counsel learned of the improper communication with plaintiffs and County Counsel's access to plaintiffs' records on January 17, 2018, but did not file this motion until March 22, 2018. (*Id.* at 11–12.)

"California cases provide a disqualification motion can be waived if not timely filed." *City and Cnty of S.F. v. Cobra Solutions, Inc.*, 232 Cal. App. 4th 468, 473 (2014). "[T]he delay has to be extreme or unreasonable before it operates as a waiver." *Id.* (internal citations omitted). The burden is on the moving party to show "unreasonable delay causing prejudice." *Id.* The few cases the County relies on to support their argument are unpersuasive. One Court found a two-year delay was unreasonable. *Liberty Nat. Enterprises, L.P. v. Chicago Title Ins. Co.*, 194 Cal. App. 4th 839, 847–49 (2011). Another found an 18-month delay in filing the disqualification motion 32 days before trial was unreasonable. *Cox v. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 731 (11th Cir. 1988). And finally, one court held that failing to request disqualification during trial—after the disqualifying incident arose—constituted waiver. *Kafka v. Truck Ins. Exchange*, 19 F.3d 383, 386 (7th Cir. 1994). In *Cobra*, the Court found a delay of five years was unreasonable and thus constituted waiver.

Here, plaintiffs waited a mere two months before filing this motion—not an unreasonable amount of time for plaintiffs' counsel to investigate the facts, confer with plaintiffs, and draft the instant motion. More importantly, the County failed to carry its burden showing how the two-month delay was indeed unreasonable (like the five-year delay was in *Cobra*), or how the County was prejudiced. Thus, the court finds plaintiffs did not waive their right to file this motion.

B.   **The County Counsel's Indirect Communications with Plaintiffs**

Plaintiffs allege that County Counsel is attempting to have unauthorized

3

communication with plaintiffs through its interaction with social workers. The complication arises particularly with A.G. because he is still "under the jurisdiction of the juvenile court" after he was arrested and detained in juvenile hall. (Doc. No. 45 at 7.) A.G. meets monthly with a social worker or his probation officer, whose objectives include helping maintain a positive, stable relationship between the social worker and child and engaging the child in his future plans. (*Id.* (citing DSS Regulations 31-320.57, 31-320.58).)

Specifically, plaintiffs argue that County Counsel violated California Rule of Professional Conduct 2-100, which forbids a direct or indirect communication about the subject of the representation when the attorney knows the person is already represented. The alleged indirect communication occurred when A.G. met with a social worker, who discussed not only the case with A.G., but also discussed a confidential attorney-client communication between A.G. and his counsel, and gave A.G. advice on the County's settlement offer "that directly conflicted with Plaintiff Counsel's recommendations." (Doc. No. 39-1 at 9.) The communication was initiated by A.G., however, the social worker allowed it to continue. The social worker "drafted a report" regarding the meeting and "documented the issues that were discussed." (*Id.*) County Counsel, then, read the social worker's "*unredacted* contract notes," which contained the "*confidential* attorney-client communication." (*Id.* (emphasis in original).) County Counsel also met with the social worker to discuss the meeting and the confidential communications. (*Id.* at 10.)

The Court agrees that this type of communication between the social worker, A.G., and County Counsel should never have happened and was improper. However, upon reviewing *in camera* both the attorney-client letter that was discussed and the social worker's logs, the Court finds the error was not prejudicial to plaintiffs. First and foremost, the Court notes County Counsel learned of the social worker's communication with A.G. regarding the privileged letter inadvertently by no fault of her own. Once she learned of it, she immediately notified plaintiffs' counsel to disclose the mistake. Moreover, the content of the confidential letter, which has never been seen by Defense cousel, was relatively benign and did not reveal any complexities of the case or litigation strategy that would be

overtly prejudicial to plaintiffs. Finally, the social worker involved was immediately removed from A.G.'s case, and the new social worker was instructed not to discuss the lawsuit with him.

The purpose of disqualification when an event like this arises "is not to punish a transgression of professional ethics," but to allow a remedy "where the misconduct will have a 'continuing effect' on judicial proceedings." *Baugh v. Garl*, 137 Cal. App. 4th 737, 744 (2006). The Court finds the inadvertent disclosure by the social worker to County Counsel will not have a "continuing effect" on the case and did not prejudice plaintiff in a way that warrants disqualification.

**C.     The County Counsel's Access to Plaintiffs' Records**

Plaintiffs allege that County Counsel improperly accessed A.G.'s and M.G.'s unredacted juvenile case files—and continues to do so. (Doc. No. 39-1 at 11.) According to plaintiffs, County Counsel has two divisions: Civil Litigation County Counsel and a separate Juvenile Dependency Division, which represents the Health and Human Services Agency in juvenile dependency actions. (*Id.*) California's Welfare and Institutions Code § 827 sets forth the parties who may inspect a juvenile ward's case file and County Counsel is included when "representing the petitioning agency in a dependency action." Cal. Welf. & Inst. Code § 827(a)(1)(F). Those without exemption must seek a court order from Juvenile Court to access the files. Plaintiffs maintain that County Counsel in this case—from the litigation section—are not included in that rule, and thus Counsel was required to obtain court approval before inspecting the records. (Doc. No. 39-1 at 11–12.)

However, County Counsel argues the distinction is not so clear. According to County Counsel, while there are two divisions, it would be impossible to prevent certain attorneys from seeing case files while also advising the client—the County. After hearing County Counsel's oral argument, the Court is convinced it—at this point—cannot prevent County Counsel from accessing its own client's records. Moreover, the Court finds the argument now moot. To date, all records have been produced by the juvenile court judge and will be turned over to plaintiffs after mandatory redaction—meaning County Counsel and

5

plaintiffs' counsel will be on equal footing regarding access to plaintiffs' records. While plaintiffs expressed concern that County Counsel is the body redacting plaintiffs' records—thus granting them unfettered access to files that plaintiffs' counsel themselves do not have—the Court finds this process does not prejudice plaintiffs for several reasons. First, should plaintiffs feel the County is unduly redacting A.G.'s or M.G.'s files, plaintiffs could request the Court to review such redactions *in camera*. Next, the Court reminds the parties of their Rule 26 disclosure requirements: County Counsel has a duty to disclose evidence it intends to use at trial, and has a continuing duty to supplement any discovery it has already disclosed. Fed. R. Civ. P. 26(a)(3), (e). This should ease any concerns plaintiffs may have regarding unfair litigation or trial strategy—there are no surprises in federal court and County Counsel would not be permitted to use previously-redacted information against plaintiffs in trial without disclosing that information to plaintiffs first.

Plaintiffs—moving beyond § 827—also argue that juvenile records are not accessible absent a court order, citing to a Ninth Circuit case for support. *Gonzalez v. Spencer*, 336 F.3d 882 (9th Cir. 2003) (abrogated on other grounds by *Filarsky v. Delia*, 566 U.S. 337 (2012)). However, *Gonzalez* may not bear the weight plaintiffs need it to. *See Ismail v. Fulkerson*, No. SA CV 10–00901–VBF, 2014 WL 3962488, at *11 (C.D. Cal. Aug. 12, 2014) ("*Gonzalez* did not address or definitively determine the existence or scope of any constitutional informational privacy right, and . . . has very limited precedential value."); *see also Rigsby v. Cnty. of Los Angeles*, 531 F. App'x 811, 812 (9th Cir. 2013) (*Gonzalez* did not clearly establish privacy rights as to access of records by social workers or disclosure of records to third parties). Alone, *Gonzalez* does not give juvenile records absolute privacy rights. However, whether County Counsel's accessing of A.G's files violates any constitutional right to privacy is not a question before the Court today, and thus the Court finds the issue is not ripe to rule on. County Counsel has not been sued in concert with these specific allegations, and the Court cannot give plaintiffs legal advice or issue advisory opinions on constitutional issues.

Finally, the Court is eased by the fact that there is no proof in this case that County

Counsel was ruffling through plaintiffs' case files haphazardly. In other words, it does not appear that County Counsel is peeking at A.G's and M.G.'s files willy-nilly to gain a litigation advantage. Should plaintiffs discover evidence that County Counsel is, somehow, abusing its privilege of access to these records, plaintiffs are free to file another disqualification motion.

### D. Plaintiffs' Reconsideration Motion

At the hearing, the Court ordered both parties to exchange confidential documents that neither had yet seen. The Court ordered County Counsel to give plaintiffs a copy of the social worker's report, and ordered plaintiffs to give County Counsel a copy of the confidential client letter which was shared with the social worker. Plaintiffs filed an ex parte reconsideration motion, requesting the Court reverse its order that plaintiffs exchange its confidential client letter. (Doc. No. 57.) County Counsel orally represented to the Court it did not wish to oppose plaintiffs' motion. For that reason alone, the Court **GRANTS** plaintiffs' motion. Plaintiffs are no longer required to exchange the letter with County Counsel.

### IV. CONCLUSION

Although plaintiffs have legitimate concerns, and County Counsel's actions appear disconcerting, the Court finds County Counsel's efforts to minimize prejudice to plaintiffs were sufficient and do not merit the harsh remedy of disqualification. Thus, the Court **DENIES** plaintiffs' motion to disqualify County Counsel. (Doc. No. 39.) Additionally, for the reasons stated above, the Court **GRANTS** plaintiffs' motion for reconsideration. (Doc. No. 57.) Finally, because discovery was stayed pending the outcome of the disqualification motion, the Court **ORDERS** the parties to jointly contact Judge Crawford's chambers within 3 days of this order to set a status conference.

Dated: June 8, 2018

Hon. Anthony J. Battaglia
United States District Judge